**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RUBEN ALBERTO, | **Hon. Joel A. Pisano** |
| Petitioner, | Civil No. 06-547 (JAP) |
| v. |  |
| U.S. DEP'T OF HOMELAND SECURITY, et al., | **OPINION** |
| Respondents. |  |

**APPEARANCES**:

    RUBEN ALBERTO, #996205A
    Central Reception & Assignment Facility
    P.O. Box 7450
    West Trenton, New Jersey  08628
    Petitioner Pro Se

**PISANO**, District Judge

Petitioner Ruben Alberto, a state sentenced inmate who is presently confined at the Central Reception & Assignment Facility ("CRAF"), seeks to file in forma pauperis a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner seeks an order directing the Immigration and Naturalization Service ("INS") to remove an immigration detainer and letter of interest in detaining Petitioner lodged by the Department of Homeland Security ("DHS"). The Court grants the application to proceed in forma pauperis and, for the reasons set forth below, summarily dismisses the Petition.

## I.  BACKGROUND

Petitioner brings this action against the DHS and its District Director, and the Warden of CRAF.  He asserts that he is a native of Cuba.  He alleges that the Immigration and Naturalization Service, the predecessor of the DHS, issued a final order of removal on April 22, 1997, and thereafter released him under an order of supervision.  He asserts that, on December 19, 2005, the Superior Court of New Jersey, Bergen County, entered a judgment of conviction against him, and imposed a four-year term of incarceration, which he is presently serving.

Petitioner states that the DHS lodged a detainer and a letter of interest with New Jersey prison officials.  He challenges the detainer/letter of interest as contrary to due process because his removal to Cuba is not reasonably forseeable.

## II.  LEGAL STANDARD

Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to dismiss the petition if the petitioner is not entitled to relief.  Habeas Rule 4 provides in relevant part:

> The clerk must promptly forward the petition
> to a judge under the court's assignment
> procedure, and the judge must promptly
> examine it.  If it plainly appears from the e
> petition and any attached exhibits that the
> petitioner is not entitled to relief in the
> district court, the judge must dismiss the

>     petition and direct the clerk to notify the
>     petitioner.

See 28 U.S.C. § 2254 Rule 4 (applicable through Rule 1(b) to petitions under 28 U.S.C. § 2241).

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). A petition is required to "specify all the grounds for relief available to the petitioner [and] state the facts supporting each ground." 28 U.S.C. § 2254 Rule 2(c) (applicable through Rule 1(b) to petitions under 28 U.S.C. § 2241). "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). Dismissal without the filing of an answer is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland v. Scott, 512 U.S. 849, 856 (1994); United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

### III.  DISCUSSION

Section 2241 of Title 28 of the United States Code provides in relevant part:

3

> (c) The writ of habeas corpus shall not
> extend to a prisoner unless- . . . He is in
> custody in violation of the Constitution or
> laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).

Neither the Supreme Court nor the Third Circuit Court of Appeals has specifically determined when the lodging of an INS detainer satisfies the "in custody" requirement under § 2241. However, several circuits have held that an INS detainer requesting advance notice of a prisoner's release, without more, does not satisfy the "in custody" requirement of § 2241. See Zolicoffer v. United States Dept. of Justice, 315 F.3d 538, 541 (5th Cir. 2003) ("prisoners are not 'in custody' for purposes of 28 U.S.C. § 2241 simply because the INS has lodged a detainer against them"); Garcia v. Taylor, 40 F.3d 299, 303, 304 (9th Cir. 1994) ("the bare detainer letter alone does not sufficiently place an alien in INS custody to make habeas corpus available" where it does not ask "the warden to do anything but release Garcia at the end of his term of imprisonment"); Prieto v. Gluch,

4

913 F.2d 1159, 1164 (6th Cir. 1990) (petitioner not "in custody" where INS "detainer notice does not claim the right to take a petitioner into custody in the future nor does it ask the warden to hold a petitioner for that purpose"); Orozco v. Immigration and Naturalization Service, 911 F.2d 539, 541 (11th Cir. 1990) ("filing of the detainer, standing alone, did not cause Orozco to come within the custody of the INS"); Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988) (where detainer "merely notifies prison officials that a decision regarding his deportation will be made by the INS at some future date . . . filing of an INS detainer, standing alone, does not cause a sentenced offender to come within the custody of the INS").

In Vargas v. Swan, 854 F.2d 1028 (7th Cir. 1988), the Seventh Circuit analyzed circumstances under which an INS detainer satisfies the "in custody" requirement.  Vargas, a Mariel Cuban incarcerated by the State of Wisconsin, filed a habeas petition challenging an INS detainer.  Id. at 1029.  The detainer sought notice of Vargas's pending release date at least 30 days in advance but was accompanied by neither a warrant of arrest nor an order to show cause.  Id. at 1030.  Declining to "take the detainer label affixed here and rotely match it up with cases labeled detainer cases," the Seventh Circuit considered "the effect of the INS's action and whether it restrain[ed] Vargas to the extent found sufficient to establish custody in

5

other detainer cases." Id.  Based on Braden v. 30th Judicial Circuit Ct. of Kentucky, 410 U.S. 484, 489 n.2 (1973), Moody v. Daggett, 429 U.S. 78, 80-81 n.2 (1976), and Preiser v. Rodriguez, 411 U.S. 475 (1973), the Seventh Circuit concluded that "an action that has as part of its effect the 'holding' of a prisoner for a future custodian who has evidenced an intent to retake or to decide the prisoner's future status at the end of his or her current confinement serves to establish custody for habeas purposes." Id. at 1032.  Because the INS failed to place sufficient evidence in the record to establish the effect of the INS detainer, however, the Seventh Circuit remanded for a determination whether the prison treated the INS detainer as a request for a "hold" or only as a request for notice.  Id. at 1033.

In this case, because Petitioner has not supplied the detainer, the Court cannot determine from the face of the Petition whether or not Petitioner satisfies the "in custody" requirement in regard to the detainer.  Assuming arguendo that the detainer places Petitioner "in custody," however, the Court nevertheless lacks jurisdiction over the Petition because it does not assert violation of the Constitution, treaties, or laws.

Petitioner challenges a detainer lodged by the DHS.  A detainer is "a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking that

6

the prisoner be held for the agency, or that the agency be advised when the prisoner's release is imminent." <u>Fex v. Michigan</u>, 507 U.S. 43, 44 (1993).  Petitioner concedes that he is subject to a final order of removal, the validity of which he does not challenge, but insists that the DHS detainer is unconstitutional because his removal to Cuba is not reasonably forseeable.  However, whether or not Petitioner's removal to Cuba could be effectuated today is irrelevant to the constitutionality of DHS's detainer.  DHS cannot return Petitioner to Cuba until he completes or is paroled from his New Jersey sentence (in July 2007, at the earliest), and his removal to Cuba at that time is not inconceivable.[1]  Given that Petitioner is subject to a final order of removal, the lodging of a detainer by DHS does not violate due process, and the Court will dismiss the Petition for lack of jurisdiction.

### IV.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.

Dated:     April 3, 2006

/s/ JOEL A. PISANO
United States District Judge

---

[1] Subject to certain exceptions not applicable here, federal law prohibits the United States Attorney General from "remov[ing] an alien who is sentenced to imprisonment until the alien is released from imprisonment."  8 U.S.C. § 1231(a)(4)(A).